# SUPREME COURT.

DENNIS KENNEDY and others agt. ANDREW O. NORCOTT and WILLIAM B. NORCOTT.

*Supplementary proceedings — proceedings before referee — Order dismissing proceedings, vacating injunction and granting costs to defendants — irregularity of such proceedings.*

In supplementary proceedings, in cases where the proceedings are had before a referee, the discontinuance of the proceedings, or the imposition of costs should not be had or made before the report of the referee is made; and, before acting, the parties on either side should have notice from the other of the motion to be made, founded on such report, in analogy with proceedings in the court by motion for costs in cases within the discretion of the court.

The order was granted by the county judge, May 29, 1877, and a referee was appointed to examine the defendants on oath concerning their property. The referee was directed to report the examination and all his proceedings under the order to the judge granting the same. The defendants were ordered to appear before the referee at his office, on June seventh, at ten A. M., and to appear before the referee from time to time, as he should direct and appoint. The defendants appeared at the time appointed, and an examination was had of one of the defendants, and the proceedings were adjourned from time to time, until the fourteenth June, twenty-eighth June and twenty-fifth July; on each of said occasions plaintiffs and defendants appeared by counsel, and examination was had of defendants or witnesses. On July twenty-fifth the proceedings were further adjourned until August fourteenth. No appearance was had by the parties on that day, but by agreement of counsel the proceedings were adjourned until August twenty-eighth. On said twenty-eighth August, there was no appearance by plaintiffs or their counsel, and at request of defendants' counsel said proceedings were adjourned forthwith by said referee before said county judge, who thereupon, without notice to plaintiffs or their attorneys, and on motion of defendants' counsel, made an order that the proceeding be dismissed, the injunction vacated and dissolved, and that defendants recover of plaintiffs thirty dollars costs.

*Held*, that this order was irregular and without authority, and should be vacated and set aside.

*Onondaga Special Term, October,* 1877.

*Fuller & Vann,* plaintiffs' attorneys.

*J. N. Hammond,* defendants' attorney.

NOXON, *J.* — The motion in this case is to set aside an order made in proceedings supplementary to execution, by the county judge who granted the order. The order was granted by the judge on the 29th May, 1877, upon an affidavit entitling the plaintiff to the usual order to examine the defendants on oath concerning their property, before a referee appointed by the judge for that purpose ; and the referee was directed to report the examination and all his proceedings under the order to the judge granting the same, with all convenient speed. By the terms of the order the defendants were directed to appear before the referee at his office on June 7, 1877, at 10 A. M., to answer before the referee concerning their property, and for that purpose to appear before the referee from time to time as he shall direct and appoint. The defendants appeared before the referee at the time appointed, and an examination was had of one of the defendants, and such proceedings were adjourned from time to time, until the fourteenth June, twenty-eighth June, and twenty-fifth July. On each of said occasions the plaintiffs appeared by counsel, and the defendants, or one of them by counsel, and an examination was had of defendants or witnesses. On July twenty-fifth, and the proceedings were further adjourned until August fourteenth. No appearance was had by the parties on that day, but by agreement and arrangement of counsel, the proceedings were adjourned until August 28, 1877. Or said twenty-eighth August, there was no appearance by plaintiffs or their counsel before the referee, and at the request of defendants' counsel said proceedings were adjourned forth-

with by said referee before said county judge, and said judge thereupon without notice to plaintiffs or their attorneys, and on motion of defendants' counsel, made and granted an order that the proceedings in the case be dismissed, and the injunction order granted in the same be vacated and dissolved, and that defendants recover of the plaintiffs thirty dollars for their costs and disbursements. The plaintiffs claim that this order was irregular, and without authority. The precise question here presented does not appear to have been passed upon in any of the cases reported in the books. It is held in 1 *Bosworth* (690), where the proceeding was had before the justice who issued the order, in a case where the plaintiff neither moved the matter before the justice, nor called his attention to it, on an adjourned day of the proceedings, that the order and the proceedings under it should be deemed absolutely to have been abandoned. But this case does not cover the case in which a referee is appointed to take the evidence, and report the same and all his proceedings to the court. The adjournment by the referee on the twenty-eighth August to the chambers of the judge who issued the order may have been authorized and the referee authorized to take testimony at that place of witnesses offered by the defendant. But for what other purpose could the adjournment avail the defendants ? It does not appear from the order that any report was made by the referee to the judge, or that any communication from the referee to the judge of his proceedings had been made as required by the order appointing him. The proceedings in these cases should be conducted in a manner that the rights of all parties interested be protected. The statute gives the justice the power to discontinue the proceedings and to award costs to either party in its discretion. This discretion should be exercised in these cases after the evidence and proceedings are fully before the judge, and after hearing the parties interested. In this case, upon the adjourned day, the defendants had a right, for the non-appearance of the plaintiffs or their counsel, to suppose the plaintiffs had taken all

the evidence desired on their part, and they were then at liberty to ask the referee to make his report to the judge, and after such report had been made, to move the court, on notice to plaintiffs, for the order which was granted, and upon that notice the plaintiffs, if a receiver, had not already been appointed, could also move for such appointment. Or in these cases an order to show cause might be granted by the judge to either party. I am of the opinion that it was not the intention of the law makers, nor is it within the spirit of the act regulating these proceedings, that the discontinuance of the proceedings, or the imposition of costs, in cases where the proceedings are had before a referee, should be had or made before the report of the referee is made, and that before acting the parties on either side should have notice from the other of the motion to be made, founded on such report. Such a practice would be more in analogy with proceedings in the court by motion for costs in cases within the discretion of the court. The order granted by the judge in this case should be vacated and set aside, for irregularity, and the parties in the proceeding, or their counsel, left to take such proceedings as they may deem proper, by motion or order to show cause before the judge on a return made by the referee to the judge, in pursuance of the order of reference.

The question not having been passed upon, no costs are awarded to either party.